## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **DARYL BLYDEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 1:15-cv-0030** |
| ) | |
| **JULIUS WILSON, in his official and** ) | |
| **individual capacity; DWAYNE BENJAMIN,** ) | |
| **in his official and individual capacity;** ) | |
| **KEITH FRANCOIS, in his official and** ) | |
| **individual capacity; BASIL RICHARDS, in** ) | |
| **his official and individual capacity; DIANE** ) | |
| **PROSPER, in her official and individual** ) | |
| **capacity; SHELLY DEWESE, in her official** ) | |
| **and individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Daryl Blyden ("Blyden") to reopen this case.

(ECF No. 34.).  For the reasons set forth below, the Court will deny Blyden's motion.

On April 13, 2015, Blyden filed a *pro se* complaint against several prison officials.

Blyden alleged that he was a prisoner of the U.S. Virgin Islands. Though initially confined in

a Virgin Islands prison, Blyden was subsequently transferred to a succession of prisons in

Virginia. Blyden alleged that: (1) his due process rights were violated when he was

transferred between prisons; (2) his equal protection rights were violated when he was

transferred between prisons; and (3) the Virginia prisons denied him access to the courts.

Blyden also moved for permission to proceed *in forma pauperis*.

On September 12, 2018, the magistrate judge entered an order granting Blyden leave

to proceed *in forma pauperis*. In addition, pursuant to the screening provisions of the Prison

Litigation Reform Act, the magistrate judge entered a report and recommendation recommending that the Court dismiss Blyden's access to the courts and equal protection claims. The magistrate judge found, however, that Blyden had stated a claim for violation of his due process rights.

On September 14, 2018, the Court entered an order adopting the magistrate judge's report and recommendation in part and modifying in part. Applying a *de novo* review of the record, the Court agreed with the magistrate judge that Blyden had failed to state viable access to the courts and equal protection claims. With respect to Blyden's due process claim, the Court held that Blyden had failed to allege the deprivation of a protected liberty interest. Accordingly, the Court dismissed Blyden's complaint in its entirety and closed this case.

On May 28, 2019, Blyden filed a motion to reopen this case. Blyden asserts that he never received a copy of the magistrate judge's report and recommendation and only learned his complaint had been dismissed after "making inquiry." ECF No. 34 at 1. As a result, Blyden asserts, he "was not able to respond in the time frame that was allotted." *Id.* Blyden asks the Court to "allow the case to be reopened so that [he] may submit [his] response." *Id.*

When a party fails to object to a report and recommendation, the Court generally reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."). When a party does object, however, he is entitled to "a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1). As this Court has previously observed, it is "unaware of any authority that would require a district court to await the receipt of objections before reviewing a report and recommendation under a *de novo* standard." *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 2013-48, 2018 U.S. Dist. LEXIS 50126, at *7 (D.V.I. Mar. 27, 2018).

Here, the Court applied a *de novo* review of the entire record before ruling on the magistrate judge's report and recommendation. The Court perceives no errors in its September 14, 2018 Order, and Blyden points to none in his motion. Under these circumstances, the Court finds that reopening this case is unwarranted.

The premises considered, it is hereby

**ORDERED** that Blyden's motion to reopen docketed at ECF Number 34 is **DENIED**.


**Date:** August 14, 2020                      /s/ *Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **District Judge**